# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **TIMOTHY WHITTENBERG,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v.  ) | **CIVIL ACTION NO. 5:12-01430** |
| ) | |
| ) | |
| **JOEL ZIEGLER, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

## **PROPOSED FINDINGS AND RECOMMENDATION**

On May 7, 2012, Petitioner, acting *pro se*, filed an Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[1] (Document No. 1.) In his Petition, Petitioner asserts that the BOP is improperly denying him 6 to 12 months placement in a community confinement facility that is authorized by the passage of the Second Chance Act. (Document No. 1.) Petitioner complains that "[t]he staff at FCI Beckley refuse to place him in a Community Corrections Center ["CCC"] for no longer than a 30-60 day period." (Id., p. 2.) Petitioner explains that he is entitled to a 6 to 12 month CCC placement because "he has programmed, and completed the 240 hours of GED education as required by Congress." (Id., p. 3.) Petitioner contends that he needs more than a 30 to 60 day placement to allow him "an opportunity to adjust back into society and reenter the community." (Id.) Petitioner alleges that the BOP's failure "to properly place the Petitioner in a Community Corrections Center or on home confinement, as he requested, violates the Petitioner's Due Process rights, as well as the Ex Post Facto Clause." (Id., p. 2.) Petitioner asserts that "[t]he

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Administration at FCI Beckley 'picks and choose' who they want to help." (Id., p. 4.) Petitioner, therefore, requests that the Court grant his Section 2241 Petition.[2] (Id., pp. 5 - 6.)

As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "Male Custody Classification Form" dated November 17, 2010 (Document No. 1-1, p. 1.); (2) A copy of Petitioner's "Bureau of Prisons Health Services Medical Duty Status dated June 4, 2010, February 15, 2011, February 24, 2011, and March 26, 2012 (Id., pp. 2 - 5.); (3) A copy of Petitioner's "Inmate

---

[2] The Court further finds that Petitioner does not possess a constitutionally protected interest in placement in a RCC or on home confinement. The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . And is not otherwise violative of the Constitution." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994), *cert. denied*, 513 U.S. 889, 115 S.Ct. 235, 130 L.Ed.2d 158 (1994); *see also Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)(finding that "a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation"); *Posey v. Dewalt*, 86 F. Supp.2d 565, 571 (E.D.Va. 1999), *appeal dismissed by*, 215 F.3d 1320 (4th Cir. 2000), *cert. denied*, 531 U.S. 971, 121 S.Ct. 411, 148 L.Ed. 318 (2000)(stating that "[p]ut simply, petitioner has not stated a due process claim because he has no protected liberty interest in a particular classification within BOP"). Neither Section 3621(b) nor Section 3624(c) contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in a particular security classification. Title 18, U.S.C. § 3621(b) clearly vests the BOP with broad discretionary authority as to prisoners' placement and classification while incarcerated. *See* 18 U.S.C. § 3621. *See also Trowell v. Beeler*, 135 Fed.Appx. 590, 595 (4th Cir. 2005)(finding that "BOP must exercise its own independent judgment" under Section 3621(b)). The language of Section 3621(b) stating that the "Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . that the Bureau determines to be appropriate and suitable," is clearly permissive; the statute does not *mandate* that the BOP place a prisoner in a certain facility. Furthermore, Title 18 U.S.C. § 3624(c) "does not direct that the BOP must place prisoners in a particular facility, such as a halfway house, to achieve these 'pre-release conditions.' Rather, pursuant to § 3621(b), and subject to the § 3624 limitation periods, the BOP retains discretion to determine whether the pre-release conditions or programs will be provided within a BOP facility or within a community confinement setting." *Bost v. Adams*, 2006 WL 1674485 (S.D.W.Va. Jun 12, 2006)(finding that petitioner "does not possess a statutorily created liberty interest in release to community confinement"); *also see Pennavaria v. Gutierrez*, 2008 WL 619197, * 9 (N.D.W.Va. Mar. 4, 2008)(stating that federal prisoners do not have a protected liberty interest in being placed on home confinement, and the BOP has complete and absolute discretion regarding where a prisoner is to be held in pre-release confinement).

2

Education Data Transcript" dated April 10, 2012 (Id., p. 6.); (4) A copy of a Certificate for Petitioner's participation in the Presidential Sports Award Program (Id., p. 7.); (5) A copy of a "Certificates of Completion" regarding FCI Beckley's Pre-Requisite Band Program (Id., p. 8.); (6) A copy of Petitioner's "Inmate Education Data Transcript" dated October 28, 2011 (Id., p. 9.); (7) A copy of pertinent pages from Petitioner's "Inmate Skills Development Plan" dated November 16, 2010, March 3, 2011, and January 26, 2012 (Id., pp. 10 - 16.); (8) A copy of Petitioner's "Inmate Request to Staff" dated August 1, 2011 (Id., pp. 17 - 19.); (9) A copy of Petitioner's "Informal Resolution Form" dated August 18, 2011 (Id., p. 20 - 21.); (10) A copy of Petitioner's "Inmate Request to Staff" dated September 3, 2011 (Id., p. 22.); (11) A copy of Warden Joel Ziegler's Response to Petitioner's Request for Administrative Remedy dated October 21, 2011 (Id., p. 23.); (12) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated November 3, 2011 (Id., p. 24 - 25.); (13) A copy of a "Rejection Notice" from the Administrative Remedy Coordinator from the Mid-Atlantic Regional Office dated November 17, 2011 (Id., p. 26.); (14) A copy of the "Receipt" from the Administrative Remedy Coordinator at FCI Beckley dated September 29, 2011 (Id., p. 27.); (15) A copy of Regional Director C. Eichenlaub's Response denying Petitioner's administrative remedy appeal dated December 22, 2011 (Id., p. 28.); (16) A copy of Petitioner's administrative remedy appeal dated January 7, 2012 (Id., pp. 29 - 30.); (17) A copy of Petitioner's "Inmate Request to Staff" dated March 22, 2012 (Id., p. 31.); (18) A copy of a letter from Elbert and Gladys Whittenburg addressed to the General Counsel of the BOP requesting that Petitioner be granted more than a 30 - 60 day CCC placement (Id., p. 32.); (19) A copy of a letter dated January 23, 2012, from Kathy M. Harris, Executive Assistant to the General Counsel, addressed to Elbert and Gladys Whittenburg regarding Petitioner's CCC placement (Id., p. 33.); and (20) A copy of a

letter dated January 3, 2012, from Warden Joel Ziegler addressed to Elbert and Gladys Whittenburg regarding Petitioner's CCC placement (Id., p. 34.).

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's placement in a RRM, the Respondent can no longer provide the requested relief. As relief, Petitioner requested a 6 to 12 month CCC placement. The Bureau of Prisons' Inmate Locator indicates that Petitioner is currently placed at Nashville RRM and has a projected release date of August 19, 2015. Accordingly, Petitioner's claims are rendered moot by virtue of his RRM placement.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in

Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: April 28, 2015.

R. Clarke VanDervort
United States Magistrate Judge